## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.  Case No.: 3:17-cr-130-MMH-MCR

ALBERT COVINGTON
_____

## ORDER

Before the Court is Defendant's Motion for Sentence Reduction Under Amendment 821 (Doc. 47; Motion). Defendant seeks to reduce his prison term under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the United States Sentencing Guidelines, a retroactive guidelines amendment, see U.S.S.G. § 1B1.10(d) (2023); U.S.S.G. App. C. Amend. 825 (effective Nov. 1, 2023, making Amendment 821 retroactively applicable). See Motion at 1. The Court appointed the Federal Public Defender's Office to represent Defendant (Doc. 50; Order Appointing FPD), but the Federal Public Defender has notified the Court that Defendant appears to be ineligible because Defendant was assessed one or more criminal history points and was not assessed status points (Doc. 52; FPD's Notice). The United States Probation Office has reached the same conclusion. (Doc. 49; Amendment 821 Memorandum).

The Court has reviewed the Judgment (Doc. 35) and the Amendment 821 Memorandum from the United States Probation Office, which includes the pertinent Presentence Investigation Report. The record confirms that Defendant is not eligible for relief pursuant to Amendment 821 because he was assessed 28 criminal history points, and none of those criminal history points resulted from his status (i.e. he was assessed no criminal history points for being under a criminal justice sentence at the time he committed the offense of conviction). Additionally, at sentencing, the Court determined that Defendant's criminal history category was established by the career offender guideline in U.S.S.G. § 4B1.1. As such, application of Amendment 821 does not alter the applicable guidelines range. Where a retroactive guideline amendment "does not alter the sentencing range upon which [a defendant's] sentence was based [18 U.S.C.] § 3582(c)(2) does not authorize a reduction in sentence. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013); see also U.S.S.G. §1B1.10(a)(2)(B) (providing that a § 3582(c)(2) reduction is not permitted if the amendment "does not have the effect of lowering the defendant's applicable guideline range").

Accordingly, it is hereby

**ORDERED**:

Defendant's Motion for Sentence Reduction Under Amendment 821 (Doc. 47) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 30th day of April, 2025.

MARCIA MORALES HOWARD
United States District Judge

ja
Copies to:
Counsel of Record
United States Marshals Service
United States Probation Office
Bureau of Prisons
Defendant